**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD NEPH and SARAH NEPH, husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, KEN SHOEMAKER, and MAINORD INSURANCE AGENCY, INC**.,**<br><br>    Defendants. | Case No. CIV-25-774-SLP<br><br>District Court of Oklahoma County Case No. CJ-2025-3471 |

**O R D E R**

Before the Court is Plaintiffs' Motion to Remand and Brief in Support [Doc. No. 13].  Defendant State Farm Fire and Casualty Company (State Farm) has filed a Response [Doc. No. 14] and Plaintiffs have filed a Reply [Doc. No. 15].  Plaintiffs have also filed a Notice of Supplemental Authority [Doc. No. 16]. The matter is fully briefed and ready for decision.  For the reasons set forth below, the Court GRANTS Plaintiffs' Motion and REMANDS this matter to state court.

## I.    __Introduction__

This case is among multiple state-court cases removed to this judicial district under the Court's diversity-of-citizenship jurisdiction in which one or more Oklahoma citizens have sued State Farm.  The cases arise from State Farm's denials of homeowners' insurance claims for alleged roof damage resulting from a hail and/or wind storm.

Plaintiffs, here, filed suit in the District Court of Oklahoma County, State of Oklahoma against State Farm and two of its agents, Ken Shoemaker and Mainord Insurance Agency (collectively, the Agents). The state-court Petition alleges claims in Count One and Two against State Farm for breach of contract and breach of the duty of good faith and fair dealing. The Petition alleges in Count Three a claim against the Agents for negligent procurement of insurance. Finally, Count Four of the Petition alleges a claim against all Defendants for constructive fraud, negligent misrepresentation, deceit and concealment. *See* Doc. No. 1-2.

State Farm removed this case to federal court alleging that the Agents, who are non-diverse, have been fraudulently joined. Plaintiffs now move to remand this action to state court for lack of diversity jurisdiction, contesting State Farm's assertion of fraudulent joinder.

## II.    **Governing Standards**

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946-47 (10th Cir. 2014). A defendant may remove a civil action from state court to federal court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction based on diversity exists where no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000 (exclusive of interest and costs). *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

If a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction under § 1332, such fraudulent joinder does not prevent removal.  In such cases, the fraudulently joined defendant is ignored for the purpose of assessing complete diversity.  *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881-82 (10th Cir. 1967)); *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) ("When [fraudulent joinder] occurs, the district court disregards the fraudulently joined non-diverse party for removal purposes.").

The removing defendant faces a heavy burden of proving fraudulent joinder and all factual and legal issues are resolved in the plaintiff's favor.  *Dutcher*, 733 F.3d at 988; *see also Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *2 (10th Cir. Apr. 14, 2000) (The Court must "resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party." (citation omitted)).  To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court.  *Id.* [1]

Under the "inability to establish a cause of action" prong, the defendant must show that there is "no possibility that plaintiff would be able to establish a cause of action against the joined party in state court."  *Montano*, 2000 WL 525592 at *1 (cleaned up).  "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder,

---

[1] State Farm's Response focuses on the second prong – Plaintiffs' inability to establish a cause of action against the Agents.  The Court limits its analysis accordingly.

should be left to the state court where the action was commenced." *Id.* at * 2; *see also Dutcher*, 733 F.3d at 988 (the question of fraudulent joinder is not to be confused with whether "plaintiffs have stated a valid claim" against the allegedly fraudulently joined defendants); *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded.).

## III.    Factual Allegations

State Farm issued an insurance policy to Plaintiffs.  The Agents who procured the policy acted as "captive agents" for State Farm.[2]  Plaintiffs requested full replacement cost coverage from the Agents for any weather-related event. The Agents did not inspect Plaintiffs' property, disclose any reasons why the property would be ineligible for the requested replacement cost coverage, or advise Plaintiffs that if the property had any defect or pre-existing damage, it would be excluded from replacement cost coverage.  Plaintiffs continued to pay their premiums and the policy was renewed for several years at significantly higher costs.

The Agents were aware that State Farm has a widespread and pervasive scheme whereby it denies or underpays claims, even when wind and/or hail damage is clearly shown, by using a narrow and limited definition of what constitutes "hail damage" that is absent from the face of the policy.  Yet the Agents concealed the same from Plaintiffs and "reap[ed] the associated benefits tied to valuation increases."  Pet., ¶ 93.

---

[2] "A 'captive agent' is an agent who generally sells only one company's policies to insureds."  *See, e.g., Miller v. Mill Creek Homes, Inc.*, 97 P.3d 687, 689 n. 1 (Or. App. 2004).

Plaintiffs' home was damaged by a specific weather event – a wind and/or hail storm.  Plaintiffs submitted a timely claim and, consistent with the alleged scheme, State Farm denied the claim, finding that the damage was not attributed to the storm but to a "preexisting condition" such as "weathering" or "the sun."  Pet., ¶ 51. Conversely, Plaintiffs' contractor found there was extensive damage and that a full roof replacement was necessary.

Plaintiffs allege that, in light of the pervasive scheme, any coverage provided by the policy is illusory.  Plaintiffs allege that the Agents' negligent conduct included procuring a policy that did not provide the scope of coverage as requested along with a host of other conduct to include failing to disclose that their roof was ineligible for coverage and failing to confirm whether the property (including the roof) met all underwriting guidelines. Plaintiffs sustained damages as a result of the Agents' conduct.

## IV.    **Discussion**

This Court has previously found that State Farm failed to meet its burden to establish fraudulent joinder on substantially similar allegations as those at issue here.  *See Willard v. State Farm Fire & Cas. Co.*, No. CIV-25-337-SLP, 2025 WL 2419274 (W.D. Okla. Aug. 21, 2025).[3]  State Farm has addressed the Court's *Willard* decision in its briefing.  The

---

[3] In *Willard*, the Court consolidated eleven cases, finding the motions to remand filed in those cases "arise from a formulaic petition and the bases for requesting remand are premised on common questions of law and fact involving the issues of fraudulent joinder and diversity jurisdiction." *Id*. at \*2. Other decisions have been issued relying on *Willard* to support finding a remand proper on substantially similar factual allegations and claims for relief. *See, e.g., Varner v. State Farm Fire & Cas. Co*., No. CIV-25-892-J, 2025 WL 3227779 (W.D. Okla. Oct. 29, 2025). Recently, another district judge consolidated seven cases involving State Farm and claims brought against it for negligent procurement and remanded those claims, similarly rejecting State Farm's

Court finds State Farm has failed to persuasively establish that the *Willard* decision is incorrect or otherwise that the facts alleged in this action require a different result.  The Court, therefore, adopts the rationale set forth in *Willard*.

Plaintiffs' allegations could state a viable claim under Oklahoma law.  *See Swickey v. Silvey Cos*., 979 P.2d 266, 269 (Okla. Civ. App. 1999) (an insurance agent has a duty "to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss.");  *Rotan v. Farmers Ins. Group of Cos*., 83 P.3d 894, 895 (Okla. Civ. App. 2003) (An agent's duty "rests, in part, on 'specialized knowledge [about] the terms and conditions of insurance policies generally.'" (quoting *Swickey*, 979 P.2d at 269)).

Factual questions exist as to the Agents' procurement conduct in relation to the scope of the insurance requested and promised, as compared to the insurance received, and the Agents' knowledge of and complicity in the alleged scheme.  As such, the Court cannot say that Plaintiffs have no possibility of succeeding. *Cf. Smoot*, 378 F.2d at 882 (finding joinder was fraudulent where the non-liability of the non-diverse defendant had been "established with *complete certainty upon undisputed evidence*" (emphasis added)); *Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir. 1964) (finding fraudulent joinder where the same proof alleged against the defendant and which appeared with "*complete certainty*"

---

assertions that the non-diverse agents had been fraudulently joined. *See Coover v. State Farm Fire & Cas. Co*., No. CIV-25-334-PRW, 2025 WL 3470868 (W.D. Okla. Dec. 3, 2025).

to be the sole basis of the plaintiff's claim was identical to proof the Oklahoma Supreme Court had judicially determined in another case was insufficient to impose liability (emphasis added)).

In so finding, the Court underscores that at this stage, Plaintiffs need not establish entitlement to relief, but only a "reasonable basis" that their claim might succeed. *See Nerad,* 203 F. App'x at 913 ("A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law."). As the Tenth Circuit explained in *Dutcher*, this "does not mean that plaintiffs have stated a valid claim," "[b]ut the defendants needed to clear a high hurdle to prove something they have yet to prove, i.e., fraudulent joinder." *Id.*, 733 F.3d at 989.

## V.    **Conclusion**

In sum, State Farm removed this action and asserted that Plaintiffs fraudulently joined the non-diverse Agents. But State Farm has failed to show that Plaintiffs have no possibility of recovering against the Agents on their negligent procurement claim.[4] State Farm's arguments in opposing remand are based on issues that are not capable of summary determination by the Court. Because State Farm has failed to meet its burden to show fraudulent joinder, the Court lacks subject matter jurisdiction.

---

[4] The Court need not further consider whether State Farm has met its burden as to Plaintiffs' remaining claims. *See, e.g., Montano*, 2000 WL 525592 at * 2 ("[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable.").

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand and Brief in Support [Doc. No. 13] is GRANTED.[5]

IT IS FURTHER ORDERED that this case is REMANDED to the District Court of Oklahoma County, State of Oklahoma.[6]

IT IS FURTHER ORDERED that the Clerk of Court is directed to take all actions necessary to effect the remand.

IT IS SO ORDERED this 18th day of March, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[5] The Court finds each party shall bear their own attorney fees, costs and expenses incurred as a result of the removal and remand.  State Farm had an objectively reasonable basis for the removal and no unusual circumstances warrant an award of fees. *See Martin v Franklin Capital Corp*., 546 U.S. 132, 136 (2005).

[6] Any pending motions that remain are properly addressed by the state court on remand as this Court lacks jurisdiction to consider the motions.  *See, e.g., Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (vacating district court's post-removal substantive rulings where it lacked diversity jurisdiction because "it had no power to rule on any substantive motions").